# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Randolph G. Castles, ) | |
| ) | Civil Action No.: 3:18-cv-00525-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Tricam Industries Inc. and Home Depot ) | |
| USA Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the court is a Motion to Strike Witnesses by Defendants Tricam Industries Inc. and Home Depot USA Inc. (collectively, "Defendants"). (ECF No. 69.) Plaintiff Randolph G. Castles ("Plaintiff") has filed a brief in opposition. (ECF No. 70.) For the following reasons, the court **GRANTS** in part and **DENIES** in part Defendants' Motion. (ECF No. 69.)

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Near the end of 2014, Plaintiff found himself atop a Gorilla Multi-Position Ladder "while working on a sign inside of an Old Navy clothing store." (ECF No. 1-1 at 3 ¶ 13.) "[S]uddenly and without warning," Plaintiff alleges, "the bottom of the ladder began to slide." (*Id.*) Plaintiff states that, simultaneously, Plaintiff's coworker at the base of the ladder "attempted to stop the ladder from sliding when it fractured, causing the Plaintiff to fall approximately fifteen (15) feet to the concrete floor below" and sustain injuries. (*Id.*)

Plaintiff subsequently sued, alleging Defendants "were the designers, manufacturers, importers, marketers, distributors and/or sellers of the design of the" ladder. (*Id.* at 1-2 ¶ 4.) Defendants removed the case to federal court in February 2018. (ECF No. 1.)

The court's Consent Amended Scheduling Order set discovery in this case to close on June 14, 2019. (ECF No. 31.) Before this deadline, Plaintiff responded to Defendants' requests for production and interrogatories, in the process identifying several potential witnesses. (ECF No. 70-1 at 10-11.) In July 2020—over a year after the close of discovery—Plaintiff supplemented its answers to Defendants' interrogatories by adding two witnesses: Melissa Berry, Plaintiff's daughter; and Wyatt Smith, Plaintiff's former employer. (ECF No. 70 at 3.) Defendants thereafter filed the instant Motion seeking to strike both witnesses as untimely. (ECF No. 69.)

## II.    JURISDICTION

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Strawbridge*, 7 U.S. at 267). Based upon the pleadings, it appears the court has jurisdiction over this matter because parties are fully diverse and the amount in controversy exceeds $75,000. (ECF Nos. 1, 1-1.)

## III.   LEGAL STANDARD

A party must supplement its answers to interrogatories "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at

a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *see also Vigilant Ins. Co. of N.Y. v. McKenney's, Inc.*, C/A No. 7:09-cv-02076-JMC, 2011 WL 2415005, at *2 (D.S.C. June 10, 2011) (citation omitted). In determining whether an allegedly deficient disclosure of witness information is substantially justified or harmless, courts consider: "(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). "The burden is on the potentially sanctioned party to prove harmlessness." *Garrison v. Sam's E., Inc.*, C/A No. 1:16-CV-00152-GNS, 2018 WL 6566546, at *2 (W.D. Ky. May 24, 2018) (citing *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)).

Additionally, according to the District of South Carolina's Local Rules: "Witnesses who are not timely identified may be excluded. All witnesses should be identified as early in the discovery process as is feasible. Witnesses identified within the last twenty-eight (28) days of the discovery period will be presumed not to be timely identified, absent a showing of good cause." Local Civ. Rule 16.02(D)(2).

## IV.     ANALYSIS

Defendants succinctly contend that "Plaintiff's disclosure of two previously known witnesses more than a year after the close of discovery and after a trial date was set is not substantially justified or harmless, and Plaintiff should be precluded from presenting those witnesses at trial." (ECF No. 69-1 at 2.) Yet Plaintiff counters that Defendants should have been on notice of Ms. Berry's potential as a witness based on her numerous appearances within

Plaintiff's disclosures. (ECF No. 70 at 5.) Plaintiff adds that both Ms. Berry and Mr. Smith "have no direct knowledge of the circumstances surrounding the subject incident," and their testimony would instead simply cover Plaintiff's medical condition before and after the incident. (*Id.* at 3.) Plaintiff further stresses the nondisclosure of both witnesses was harmless. (*Id.* at 5-6.)

Here, the court allows the testimony of Ms. Berry based upon the factors in *S. States Rack*.[1] First, the surprise to Defendants is low based on Ms. Berry's multiple appearances in discovery disclosures. Specifically, a Psychological and Vocational Evaluation by Robert E. Brabham, Ph.D. twice mentioned Ms. Berry in its first three pages: once identifying her as Plaintiff's daughter, and once indicating she performs Plaintiff's "heavier household chores" for him. (ECF No. 69-2 at 2, 4.) A separate Psychiatric Update prepared by Patrick D. Mullen, M.D., P.A. reported that Plaintiff "is very dependent on his daughter who comes to visit him regularly and does his cleaning and cooking for him." (ECF No. 69-3 at 2.) This statement occurs near the beginning of the report. (*Id.*) Lastly, Plaintiff stated during his deposition that Ms. Berry "helps [Plaintiff] with some things," "comes over just about every day," "takes [Plaintiff] to the grocery store, [and] does most of the major cleaning in the house[.]" (ECF No. 69-3 at 3-4.)

Second, this minimal surprise may be cured by allowing Defendants thirty days from this Order's entry to depose Ms. Berry. Third, Ms. Berry's testimony would likely not disrupt the trial, as her anticipated testimony is limited in scope to Plaintiff's medical condition before and after the alleged incident. Fourth, Plaintiff's reasoning that Defendants should have known of Ms. Berry due to Plaintiff's disclosures holds at least some merit as explained above.[2] Fifth and finally, Ms.

---

[1] The court assumes without deciding that Plaintiff's discovery disclosures did not make, nor should have made, Defendants aware of Ms. Berry's identity and caregiving role for her father under Rule 26(e)(1)(A).

[2] Based on Plaintiff's reasons for not explicitly disclosing Ms. Berry, the court declines to invoke Local Civ. Rule 16.02(D)(2) in this instance.

Berry's testimony appears to bear some importance to Plaintiff's case, as her role as Plaintiff's caregiver may provide useful insights into his medical condition. As each factor favors Plaintiff, the court thus allows Ms. Berry to testify at trial.

However, as Plaintiff should have disclosed Ms. Berry's identity while discovery was ongoing, the court authorizes Defendants to depose Ms. Berry within thirty days of this Order's entry. *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 632 (E.D.N.C. 2008) ("The court has broad discretion to select the appropriate remedy in light of the totality of the circumstances." (citing *S. States Rack*, 318 F.3d at 595)).

Next, the court strikes the testimony of Mr. Smith based on the *S. States Rack* factors and this court's Local Rules. First, the surprise to Defendants would be great, as Mr. Smith was unknown to them throughout discovery. Second, while Defendants could cure this surprise by deposing Mr. Smith, it would be somewhat more difficult because the court has already authorized Ms. Berry's deposition before trial. Adding a second deposition would create further (although by no means insurmountable) hardship for Defendants. Third, Mr. Smith's testimony would likely not disrupt the trial, as his anticipated testimony is limited in scope to Plaintiff's medical condition before and after the alleged incident. Fourth, Plaintiff offers no good reason to explain his failure to disclose Mr. Smith, and admits the nondisclosure was inadvertent. (ECF No. 70 at 6.) Fifth and finally, Mr. Smith's testimony does not seem particularly important to Plaintiff's case due to its limited scope and potential redundancy with other witnesses. In short, factors (1), (4), and (5) favor Defendants, while factors (2) and (3) at least lean towards Plaintiff. After careful review, the court finds the weight of such factors favor Defendants. Plaintiff thus cannot call Mr. Smith as a witness at trial.

The court's Local Rules further bar the door to Mr. Smith's testimony. As outlined above, witnesses identified twenty-eight days or less before the close of discovery are presumed untimely absent good cause. Local Civ. Rule 16.02(D)(2). In this instance, Plaintiff waited over one year *after* the close of discovery to disclose Mr. Smith and has made no showing of good cause. Mr. Smith's testimony is consequently barred.

## V. CONCLUSION

For the reasons set forth above, the court **GRANTS** in part and **DENIES** in part Defendants' Motion to Strike Witnesses. (ECF No. 69.) Plaintiff may call Melissa Berry as a witness at trial and Defendants may depose Ms. Berry within thirty days of the entry of this Order. However, Plaintiff may not call Wyatt Smith or otherwise use him to supply evidence on a motion, at a hearing, or during trial for this case.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 28, 2020
Columbia, South Carolina