# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Randolph G. Castles, ) | Civil Action No.: 3:18-cv-00525-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Tricam Industries, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Randolph G. Castles filed this warranty/products liability action against Defendant Tricam Industries, Inc. ("Tricam") seeking damages as a result of injuries he sustained when he slipped and fell off an aluminum extendable articulating step ladder designed, manufactured, marketed, and/or distributed by Tricam. (ECF No. 1-1.)

This matter is before the court on Plaintiff's Motion to Alter or Amend Judgment and Motion for a New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. (ECF No. 140.) Tricam opposes Plaintiff's Motion in its entirety. (ECF No. 141.) For the reasons stated below, the court **DENIES** Plaintiff's Motion to Alter or Amend Judgment and Motion for a New Trial.

### I.    RELEVANT BACKGROUND TO THE PENDING MOTIONS

In this matter, Plaintiff alleged that on November 20, 2014, he was injured when he fell off a "Gorilla Ladder Multi-Position Ladder (Serial No.: 050601-22)" that was "in the extension mode while working on a sign inside of an Old Navy clothing store located in Charlotte, North Carolina." (ECF No. 1-1 at 4 ¶ 4, 5 ¶ 13.) Plaintiff claimed that his fall occurred because the ladder slid from its position causing him to fall approximately fifteen (15) feet onto a concrete floor. (*Id.* ¶ 13.)

Because Tricam and its co-Defendant Home Depot U.S.A., Inc.,[1] (together "Defendants") allegedly "designed, fabricated, manufactured, produced, assembled, imported, marketed, distributed, sold and/or otherwise placed the Subject Ladder into the stream of commerce," Plaintiff filed an action on November 15, 2017, against Defendants in the Lexington County, South Carolina Court of Common Pleas bearing case number 2017-CP-32-04244, alleging claims for negligence and breach of warranty. (ECF No. 1-1 at 4 ¶ 11, 5 ¶ 15–8 ¶ 26.) On February 22, 2018, Defendants removed the case to this court and answered the Complaint on March 1, 2018. (ECF Nos. 1, 6.)

After the parties concluded discovery, the court conducted a jury trial at which the parties presented evidence and argument starting on June 1, 2021, and finishing on June 3, 2021. (*See* ECF Nos. 129, 131, 134.) Specific to the instant Motions, the court heard argument from the parties on June 3, 2021, regarding Tricam's Motion for Directed Verdict after the conclusion of its case. Tricam argued that a six-year statute of repose applied to Plaintiff's claims under North Carolina law and Plaintiff argued that a twelve-year period was applicable. (*See, e.g.*, ECF No. 139 at 8:15–9:24.) Upon its review, the court announced the following decision from the bench on the statute of repose:

> With respect to the statute of repose, North Carolina substantive law applies to the case. Because the statute of repose is a substantive definition of[,] rather than a procedural limitation on[,] rights, the Court applies the North Carolina law in this case. So based on these pretrial briefs, it appears that the parties did not dispute that North Carolina law applies, so that in and of itself is not at issue.
>
> Then we move to the statute of repose. On the North Carolina law, the "plaintiff is required to plead and prove that the statute of repose is not a bar to the maintenance of the action," and I would cite to *Whittaker v. Todd*, 625 S.E.2d 860[] [(N.C. Ct. App.] 2006[)]. And then if the plaintiff fails to prove that its cause of action is brought before the repose period has expired, plaintiff's case is insufficient as a matter of a law, citing to *Robinson v*[.] *Bridgestone/Firestone*, 703 S.E.2d 883[]

---

[1] Plaintiff stipulated to the dismissal of Home Depot U.S.A., Inc. from this action on May 27, 2021. (*See* ECF No. 125).

[(N.C. Ct. App.] 2011[)].

And then the North Carolina Supreme Court has generally explained that "Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in the statute of repose begins when the specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted." *Black v*[.] *Littlejohn*, 325 S.E.2d 469 [(N.C. 1985)].

And then again in the products liability arena, those claims, the specific event that triggers the running of the statute of repose is "the date of initial purchase for use or consumption," and there I cite to the *Cramer v. Ethicon* case, which is 2021 WL 243872 at page 4, and that's a Western District of North Carolina case, January 25, 2021, and it cites to the North Carolina General Statute, Section 1-46.1(1). In either a six-year or a twelve-year statute of repose, that applies in products liability cases, but particularly as we indicated in the *Cramer*, it expounded that if the cause of action on October 1, 2009, if it accrued before then, then that's the statute of limitation that applies.

I also cite to the *Ferro v. Volvo Penta of the Americas*, which is 2017 WL 37171, at page 3, it's an Eastern District of North Carolina [case] in August of 2017 that was affirmed by the Fourth Circuit, which stated that, "Finally, turning to Ferro's products liability claims, Ferro expressly concurs on appeal with the district court's application of the statute of repose." And in that case, they applied both the six-year and twelve-year statute of repose to the replacement parts bought at different times for the same boat engine, and so the six-year and the twelve-year were applied.

So here, the statute of repose begins to run when the product at issue is purchased for use rather than when an injury occurs. So[,] if the purchase occurred before October 2009, and in the instant case we have the plaintiff's initial interrogatory which stated that it was -- they bought the ladder before the accident occurred, which was in – the accident was in 2014, and then later on we have the supplemental response that the ladder was bought at a Home Depot in Lexington, South Carolina. We've learned during this trial that the Home Depot witnesses testified that the product was made in August of 2005, so it would have had to be distributed, based on their . . . routine product or habit of, by October of 2005, and that the Lexington Home Depot did not open until December 7 of 2006. As a result, it doesn't appear that the fact-finder would have a legally sufficient basis to determine that plaintiff did not buy the ladder until after October 1, 2009.

So as a consequence, and consistent with North Carolina precedent, I would find that the purchase is subject to the six-year statute of repose. Plaintiff filed this lawsuit in November of 2017, which is outside the relevant statute of repose, and plaintiff would have had that burden. So[,] I'm going to find that this is time barred and defendant's motion for a judgment as a matter of law is granted on that particular issue.

(ECF No. 139 at 25:3–27:23.)  Thereafter, the court entered Judgment for Tricam on June 3, 2021, due to the granting of its Motion for Directed Verdict.[2]  (ECF No. 138.)

On June 30, 2021, Plaintiff filed the instant Motion to Alter or Amend Judgment under Rule 59(e) and a Motion for a New Trial pursuant to Rule 59(a).  (ECF No. 140.)  On July 14, 2021, Tricam filed a Response to Plaintiff's Motions contending that the court should deny the Motions in all respects.  (ECF No. 141.)

## II.     LEGAL STANDARD[3]

A.     Motion for a New Trial under Rule 59(a)

A motion for a new trial under Rule 59(a) may be granted "on all or some of the issues . . . to any party . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a).  This rule allows a trial court to set aside the verdict and order a new trial only if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs. Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996).  In evaluating a motion for a new trial, the district court has the discretion to "weigh the evidence and consider the credibility of witnesses." *Knussman v. Maryland*, 272 F.3d 625, 647 (4th Cir. 2001); *Swentek v. USAIR, Inc.*, 830 F.2d 552, 559 (4th Cir. 1987).

B.     Motion to Alter or Amend a Judgment under Rule 59(e)

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court.

---

[2] The court observes that at the time it granted Tricam a directed verdict, Plaintiff's only claims for consideration by the jury were for negligence, to include inadequate design or formulation of the subject ladder.

[3] Because the court sits in diversity jurisdiction, it must apply federal procedural law. *See, e.g.*, *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

Fed. R. Civ. P. 59(e).  Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994).  It is the moving party's burden to establish one of these three grounds in order to obtain relief.  *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012).  The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court.  *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).  A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

### III.     ANALYSIS

A.     The Parties' Arguments

Plaintiff argues that the court erred by "finding that the Plaintiff's products liability claims were time barred by North Carolina's repealed six-year statute of repose." (ECF No. 140 at 6.) Specifically, Plaintiff asserts that his "position [is] that, while the six-year statute of repose may have been in effect at the time that the subject ladder was purchased, under the plain language of N.C. Gen. Stat. § 1-46.1 and the legislation adopting it, his claims against the Defendant are governed by the twelve-year statute of repose because they accrued over five years after § 1-46.1(1)'s effective date." (ECF No. 140 at 8.)  Moreover, Plaintiff asserts that "the twelve-year statute of repose applied in this case because the Plaintiff's cause of action did not accrue until November 20, 2014, which was after October 1, 2009, the effective date of § 1–46.1." (ECF No. 140 at 15 (citing, *e.g.*, *Buffa v. Cygnature Constr. & Dev., Inc.*, No. 14CVS134, 2014 WL

5

11207652, at *1 (N.C. Super. Ct. Nov. 24, 2014) ("[T]he Court finds that for purposes of the application of the products liability statute of repose, this action accrued on the date that the owners first became aware of the alleged problems in the residence as opposed to the date when the subject windows were first purchased and installed in the residence. Therefore, the twelve (12) year statute of repose set forth in N.C.G.S. § 1-46.1 applies to this action rather than the former N.C.G.S. § 1-50(a)(6).")).) "Therefore, because Plaintiff's lawsuit was filed on November 15, 2017, this case was brought prior to the expiration of the twelve-year statute of repose which would have expired at the very earliest on December 7, 2018." (ECF No. 140 at 8.)

In its response to Plaintiff's Motions, Tricam first asserts that because Plaintiff focused his arguments entirely on Rule 59(e), he "waived any argument under Rule 59(a)" because he did not "explain how any grounds for new trial apply to this case." (ECF No. 141 at 4.) Tricam then addresses the differences between a statute of limitation and statute of repose: "Statutes of limitation are procedural limits that begin 'when the plaintiff's cause of action accrues, typically when the plaintiff is injured or discovers he or she has been injured.' Statutes of repose are substantive limits that begin to run at the 'defendant's 'last act or omission.''" (*Id.* (quoting *Christie v. Hartley Const., Inc.*, 766 S.E.2d 283, 286–87 (N.C. 2014)).) Based on the foregoing, Tricam ultimately argues that Plaintiff "misstates North Carolina law when he claims that his date of injury is relevant for purposes of determining accrual or for determining which statute of repose applies." (*Id.* at 4–5 ("'[A]ccrual' of a plaintiff's claim is irrelevant to statutes of repose because '[t]he time of the occurrence or discovery of the plaintiff's injury is not a factor in the operation of a statute of repose.'" (quoting *Christie*, 766 S.E.2d at 287)).)

Additionally, Tricam asserts that statutes of repose confer substantive vested rights that vest when a triggering event occurs, and those rights cannot be taken away or enlarged by a

6

subsequent statute. (*Id.* at 5–6 (citing *McCrater v. Stone & Webster Eng'g Corp.*, 104 S.E.2d 858, 860 (N.C. 1958)).) Moreover, "'[t]he requirement of filing a claim within the time limited'" by a statute of repose is "a condition precedent to [a plaintiff's] right to compensation." (*Id.* at 6 (quoting *McCrater*, 104 S.E.2d at 860).) "Thus, even though the General Assembly enacted a longer statute . . . the old repose period still applied because the defendant had a vested right in the repose period as soon as the triggering event occurred." (*Id.* at 7 (citing *McCrater*, 104 S.E.2d at 859, 861).)

B.   The Court's Review

At the outset, the court agrees with Tricam that Plaintiff did not provide any argument or basis for the court to grant him a new trial pursuant to Rule 59(a). Therefore, the court denies Plaintiff's Motion for a New Trial. *E.g.*, *Warren v. Thompson*, 224 F.R.D. 236, 239 n.7 (D.D.C. 2004) ("A trial court is not required to 'parse through transcripts' in an effort to identify the grounds of a post-trial motion." (citation omitted)).

As to Plaintiff's Motion to Alter or Amend, the court observes that the premise of that Motion is that the court committed clear error of law by applying a six-year statute of repose to his claims instead of a twelve-year statute of repose. Clear error occurs when the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted). As expressed in the above referenced language from the trial, the court cited to specific case law supporting its decision that the six-year statute of repose was applicable to Plaintiff's claims. Of particular note, the Supreme Court of North Carolina outlined that "the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted." *Black*, 325 S.E.2d at 474–75 (citation omitted). Moreover, in *Cramer* decided earlier this year, the United

7

States District Court for the Western District of North Carolina expounded on *Black* and cited extensive case law applying a "six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009." *Cramer*, 2021 WL 243872, at *4.

Upon its review of the aforementioned, and after considering Plaintiff's arguments and case law referenced in support, the court is not persuaded that in applying the North Carolina statute of repose, it was required to use the date Plaintiff was injured (November 20, 2014) by the subject ladder as opposed to the manufacture (2005)/purchase (2007) date of the ladder. Therefore, the court finds that it did not make a mistake in applying a six-year statute of repose to Plaintiff's negligence claims. Accordingly, the court denies Plaintiff's Motion to Alter or Amend Judgment.

### IV.    CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff Randolph G. Castles' Motion to Alter or Amend Judgment and Motion for New Trial. (ECF No. 140.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 22, 2021
Columbia, South Carolina